STACK *v.* STOLKIN ET AL.

[No. 15,083.   Filed May 28, 1935.   Rehearing denied
October 18, 1935.]

*Barney H. Fears,* for appellant.

*Bess Robbins,* for appellee.

KIME, J.—This action was brought by appellee, Stolkin, against appellant and appellee, Godby, on a complaint in two paragraphs, the first of which alleged that Godby requested Stolkin to loan $100.00 on a Ford car, representing to him that appellant had a clear title thereto, free and clear of all liens and that appellant was selling said car to Godby free and clear of all liens. That Stack and Godby presented a certificate of title

made a part of the complaint by exhibit, which showed a lien on account of a conditional sale contract in favor of one Kemp and represented that said lien had been paid in full as evidenced by a stamp thereon containing the word "Paid" and a signature purporting to be that of A. O. Kemp. That appellee, Stolkin, paid to Stack and Godby $100.00 by a certain check payable to Godby and endorsed to Stack and by him cashed. That an assignee of Kemp repossessed the car after the transaction above set out was completed.

The second paragraph was founded upon the warranty of title signed by Stack by which he warranted the car to be free and clear of any encumbrance.

A motion to make more specific was overruled as was a motion to strike out parts of the complaint. A demurrer to each paragraph of complaint followed which was also overruled. A general denial closed the issues which were then tried by the court without a jury and a finding made for appellee, Stolkin, with a resultant judgment thereon for $109.50.

The action of the court in overruling the motions and the demurrers above, together with his action in overruling the motion for a new trial, is assigned as error. The grounds of the motion for a new trial were that the finding was contrary to law and not sustained by sufficient evidence.

The complaint was not indefinite or uncertain nor was it so general in its allegations as not fully to inform the opposite parties of the exact facts to be controverted. We are in complete accord with all general principles stated by appellant but since there is no specific application to the case at bar we are at a loss to understand why the motion to make more specific should have been sustained.

For the same reasons there is no error shown as to the motion to strike.

The demurrer, the overruling of which is assigned as error, is upon the ground that the complaint, in both paragraphs, did not state facts sufficient to constitute a cause of action. The memorandum attached to the demurrer is nothing more or less than the equivalent of a motion to make more specific and there was no error in overruling the demurrer as the complaint, in both paragraphs, stated a good cause of action.

The evidence clearly shows that the appellant presented a certificate of title to appellee, Stolkin, for the purpose of obtaining the loan and obtained the money thereon, which certificate of title contained a forged stamp and there was also verbal evidence to the effect that appellant told Stolkin that the lien was paid. The warranty of title was also clearly established by the evidence sufficient to base a finding thereon. The court did not err in overruling the motion for a new trial for lack of evidence nor because it was contrary to law.

The judgment of the trial court is affirmed and it is so ordered.